UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-21427-Civ-TORRES

SERNA L. WIMBERLY ON BEHALF
OF NIGEL DESMOND WHYTE,

      Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security
Administration,

      Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Nancy A. Berryhill's ("Defendant") motion for summary judgment against Serna L. Wimberly ("Plaintiff") [D.E. 24] on whether the Administrative Law Judge ("ALJ") properly weighed the evidence in reaching his unfavorable decision. Under the limited standard of review that governs this case, the Court finds that substantial evidence supports the ALJ's unfavorable determination. For the reasons stated below, Defendant's motion for summary judgment [D.E. 24] is **GRANTED**, and the ALJ's decision is **AFFIRMED**.[1]

---

[1] To date, Plaintiff has not filed her motion for summary judgment nor has she responded to Defendant's motion for summary judgment. On November 27, 2018, we gave Plaintiff fourteen additional days from the date of that Order to submit her summary judgment materials. [D.E. 25]. Because Plaintiff has not complied with that Order, Defendant's motion is adjudicated on the existing record.

## I. BACKGROUND

On August 20, 2013, Plaintiff, on behalf of her minor son ("Claimant"), submitted an application for social security income. The Claimant was born on August 1, 1999 and was sixteen years old on the date of the ALJ's decision. Plaintiff alleged that the Claimant was totally disabled due to attention deficit hyperactivity disorder ("ADHD") and that, because of his impairments, the Claimant experienced poor behavior and grades. Plaintiff's application was then denied, both initially and upon reconsideration.

An ALJ issued an unfavorable decision on April 1, 2016. [Tr. 5-21]. After reviewing the record, the ALJ determined that the Claimant had not engaged in substantial gainful activity and that he had a severe impairment of ADHD. However, the ALJ determined that this impairment did not meet, medically equal, or functionally equal the listing requirements and therefore concluded that the Claimant was not disabled. The Appeals Council subsequently denied Plaintiff's request for review and Plaintiff appealed pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

We must determine whether the Commissioner's decision is premised upon correct legal principles and supported by substantial evidence in the record. *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). "Substantial evidence is more than a scintilla, but less than a preponderance," and involves "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citation omitted);

*Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). If the Commissioner's decision is supported by substantial evidence, we must affirm "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

A child under the age of 18 is considered disabled, and thus entitled to social security income benefits, if the child has "a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations" which "can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. Social Security regulations define a "marked and severe functional limitation" as "a level of severity that meets, medically equals, or functionally equals the [listed impairments]" found at 20 C.F.R, Part 404, Subpart P, App. 1. 20 C.F.R. § 416.902.

The regulations provide a three-step sequential evaluation process for determining whether a child is disabled. 20 C.F.R. § 416.924(a)-(d). First, the ALJ determines whether the child can engage in substantial gainful activity. If so, the child is not disabled. *Id.*, § 416.924(a)-(b). Second, if the child is not engaged in any substantial gainful activity, the ALJ determines whether the child has a physical or mental impairment which, whether individually or in combination with one or more other impairments, is deemed to be "severe." *Id.*, § 416.924(c). If the impairment is not severe, the child is not disabled. *Id.* Third, if there is a finding of severe impairment, the ALJ determines whether the child meets, medically equals or

3

functionally equals an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1. *Id.*, § 416.924(d).  If the ALJ finds that the impairment does not meet the durational requirements or the listed impairments included in that subpart, the child cannot be deemed disabled.  *Id.*, § 416.924(d)(1) and (2).

For a child's impairment(s) to functionally equal the listings, it must result in "marked" limitation in two domains of functioning or an "extreme" limitation in one domain.  *See Id.*, § 416.926a(a),(d).  In assessing functional equivalence, the fact finder considers the child's functioning in terms of six domains: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being.  *See id.*, § 416.926a(b)(1).  This determination is made by considering a claimant's limitation of specific function, broad areas of development or function, episodic impairments, and limitations related to the effects of treatment or medication.  *Id.*, § 416.926a(b).  Children are also evaluated in terms of cognitive and communicative development, motor development, social development, personal development, and concentration, persistence, and pace.  *Id.*, § 416.926a(b)(2).

Ultimately, it is the function of the Commissioner to resolve conflicts in the evidence and to assess the credibility of the witnesses.  *See Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971).  It is also the responsibility of the Commissioner to draw inferences from the evidence, and those inferences cannot be overturned if they are supported by substantial evidence.  *See Celebrezze v. O'Brient*, 323 F.2d 989, 990

(5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, a court is not to re-weigh the evidence anew. Rather, a court is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. If a decision is supported by substantial evidence, we must affirm even if the proof preponderates against it. Therefore, a court's responsibility is to ensure that the proper legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988)

### III. ANALYSIS

Defendant argues that substantial evidence supports the ALJ's unfavorable decision because the ALJ evaluated all of the evidence presented and concluded that while the Claimant had marked limitations in acquiring and using information, the Claimant did not have any marked or extreme limitations in any other functional domains.[2] *See, e.g., Muhammad ex rel. T.I.M. v. Comm'r of Soc. Sec.*, 395 F. App'x 593, 602 (11th Cir. 2010) ("Even if T.I.M.'s limitations in this domain were marked, he still would not be disabled because he did not have marked limitations in at least one additional domain.") (citations omitted). A claimant has a "marked" limitation in a domain when his or her impairment(s) interferes seriously with his ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(i).

---

[2] The ALJ found that the Claimant had not engaged in substantial gainful activity since August 16, 2013 and that he had ADHD as a severe impairment. The ALJ therefore proceeded to the third step of the sequential process to determine if the Claimant had an impairment that meets or equals the severity of the listings by examining the six domains of functioning.

5

On the other hand, a claimant has an "extreme" limitation when the impairment interferences very seriously with a child's ability to initiate, and the limitation is "more than marked." 20 C.F.R. § 416.926a(e)(3). An extreme limitation is assigned only to the worst limitations but does not necessarily mean a total lack or loss of ability to function. With these principles in mind, we must consider whether there is substantial evidence in the record to support the ALJ's findings in the Claimant's six domains of functioning.

The first domain, acquiring and using information, considers how well a claimant acquires and learns information and how well he uses the information he has learned. *See* 20 C.F.R. § 416.926a(g). This domain "evaluates how appropriately, effectively, and independently the child functions compared to children of the same age who do not have impairments." *Williams o/b/o D.W. v. Colvin*, 2016 WL 7507470, at *2 (M.D. Fla. Mar. 11, 2016) (quoting *Parks v. Commissioner*, 783 F.3d 847, 849 (11th Cir. 2015)). The regulation provides examples of skills school-aged children should possess:

> When you are old enough to go to elementary and middle school, you should be able to learn to read, write, and do math, and discuss history and science. You will need to use these skills in academic situations to demonstrate what you have learned; e.g. by reading about various subjects and producing oral and written projects, solving mathematical problems, taking achievement tests, doing group work, and entering into class discussions. You will also need to use these skills in daily living situations at home and in the community (e.g. reading street signs, telling time, and making change). You should be able to use increasingly complex language (vocabulary and grammar) to share information and ideas with individuals or groups, by asking questions and expressing your own ideas, and by understanding and responding to the opinions of others.

20 C.F.R. § 416.926a(g)(2)(iv).

Here, the ALJ found that the Claimant had a marked limitation in acquiring and using information. The ALJ's finding is supported by substantial evidence because the record showed that the Claimant exhibited difficulty in reading and comprehending written material – including extreme difficulty in performing mathematical calculations. The ALJ also relied on the opinions of Dr. Scott Segal and Dominque Alsafeer, a nurse practitioner, who opined that the Claimant had marked limitations. And the ALJ also found that the evidence presented at the hearing corroborated those opinions. As such, we conclude that substantial evidence supports the ALJ's finding that the Claimant has marked – but not extreme – limitations in the domain of acquiring and using information.

The second domain, attending and completing tasks, considers how well a child focuses and maintains attention and how well the child is able to begin, carryout, and finish activities including the child's ability to prioritize tasks and manage time. *Id*. § 416.926a(h). School-aged children "should be able to focus [] attention in a variety of situations in order to follow directions, remember and organize [] school materials, and complete classroom and homework assignments." *Id.* § 416.926a(h)(2)(iv). Nonexclusive examples demonstrating limitations in attending and completing tasks are the child's requiring extra supervision or being easily startled, distracted, overreactive, sidetracked, distracting to others, easily frustrated, and quick to quit tasks. *Id*. § 416.926a(h)(3)(i)-(v).

7

Substantial evidence supports the ALJ's finding that the Claimant had less than marked limitations in attending and completing tasks. First, the Claimant's mother reported that the Claimant's attention improved with medication. Second, the Claimant's psychiatric notes showed that his concentration and attention span were within normal limits while he was pursuing treatment. Third, the Claimant's eighth grade teacher reported that the Claimant had only a slight problem completing assignments, finishing on time, and carrying out multiple step instructions. And this evidence was further supported with the assessments of psychological consultants. Therefore, substantial evidence supports the ALJ's finding that the Claimant had less than marked limitations in attending and completing tasks.

The third domain, interacting and relating with others, considers how well a child initiates and sutains emotional connections with others, develops and uses the language of the community, cooperates with others, complies with rules, responds to criticism, and respects and take care of the possessions of others. *See id.* § 416.926a(i). Interacting and relating with others relates to all aspects of social interaction at home, at school, and in the community. *See id.* Under the social security regulations, a child of school age:

> [S]hould be able to develop more lasting friendships with children who are [his] age. [He] should begin to understand how to work in groups to create projects and solve problems. [He] should have an increasing ability to understand another's point of view and to tolerate differences. [He] should be well able to talk to people of all ages, to share ideas, tell stories, and to speak in a manner that both familiar and unfamiliar listeners readily understand.

8

*Id.* § 416.926a(i)(2)(iv) (quotation marks omitted).

In evaluating the third domain, the ALJ found that the Claimant had less than marked limitations of interacting and relating with others because there was evidence that the Claimant (1) demonstrated leadership qualities in class, (2) respected the opinions of his peers, (3) interacted with his peers appropriately, (4) made new friends, and (5) played team sports. And while ALJ noted that the Claimant had occasional outbursts at school, the Claimant's psychiatric treatment notes showed that he was also calm and cooperative – a finding that is consistent with the assessments of phycological consultants. The Claimant was also polite and respectful during the administrative hearing and he had friends both in and out of school. Therefore, there is substantial evidence in the record to support the ALJ's conclusion that the Claimant had less than marked limitations in his ability to interact with and relate to others.

The fourth domain, moving about and manipulating objects, considers how a claimant moves his body from one place to another and how he moves and manipulates things, *i.e.,* it is concerned with "gross and fine motor skills." 20 C.F.R. § 416.926a(j). To state it simply, the Commissioner considers how well children can move their own bodies. Moving the body involves the following different kinds of actions:

9

> Rolling your body; rising or pulling yourself from a sitting to a standing position; pushing yourself up; raising your head, arms, and legs, and twisting your hands and feet; balancing your weight on your legs and feet; shifting your weight while sitting or standing; transferring yourself from one surface to another; lowering yourself to or toward the floor as when bending, kneeling, stooping, or crouching; moving yourself forward and backward in space as when crawling, walking, or running, and negotiating different terrains (e.g., curbs, steps, and hills).

20 C.F.R. § 416.926a(j)(1)(i). These actions require varying degrees of strength, coordination, dexterity, pace, and physical ability to persist at the task.

The ALJ found no limitations in the ability to move about and manipulate objects because the Claimant's mother reported that Claimant ran, danced, rode a bike, and threw balls without any difficulty. The Claimant's teacher also reported that Claimant had no problems moving or manipulating objects and there was testimony in the record that the Claimant played on a youth football team. Indeed, the ALJ could not find any evidence of any physical impairments in the Claimant's treatment notes and, once again, the ALJ's findings were consistent with the assessments of psychological consultants. Accordingly, substantial evidence supports the ALJ's findings with respect to the fourth domain.

The fifth domain, caring for yourself, considers "how well you maintain a healthy emotional and physical state, including how well you get your physical and emotional wants and needs met in appropriate ways; how you cope with stress and changes in your environment; and whether you take care of your own health, possessions, and living area." 20 C.F.R. § 416.926a(k). This domain focuses on the child's "personal needs, health and safety." 20 C.F.R. § 416.926a(k)(1)(i). It thus

requires that the child use age-appropriate strategies "to identify and regulate [her] feelings, thoughts, urges, and intentions," *id.* § 416.926a(k)(1)(iii), and to respond to "circumstances in safe and appropriate ways, making decisions that do not endanger [herself]," *id.* § 416.926a(k)(1)(iv).

The primary reason the ALJ found that the Claimant had no limitations in the ability to care for himself was because the Claimant testified that he was entirely independent in attending to his activities of daily living. The only caveat is that the Claimant required reminders from his mother to do so. The ALJ also found evidence in the record indicating that Claimant could complete basic household chores such as cleaning his room, washing dishes, and shopping for clothing or food. And the ALJ further relied on the Claimant's teacher who reported that the Claimant had no problem using good judgment regarding personal safety and dangerous circumstances. As such, the ALJ's decision with respect to the fifth domain is supported by substantial evidence.

The final domain, health and physical well-being, considers whether an impairment limits a claimant's ability to perform activities independently or effectively when: (1) it causes reduced stamina or shortness of breath, (2) it causes the plaintiff to take medications that limit performance of activities, and/or (3) it leads to periods of worsening. Examples of limitations that are considered in this domain include: (1) generalized symptoms such as lethargy, (2) somatic complaints related to impairments, (3) limitations in physical functioning because of treatment (such as nebulizer treatments), and (4) exacerbations from the impairment that

11

interfere with physical functioning. The ALJ found that the Claimant had less than marked limitations in this domain because (1) pediatric records showed that the Claimant developed normally and (2) the Claimant's body systems were unremarkable on examination. Again, these findings were consistent with he assessments of psychological consultants. Therefore, the ALJ's decision in the final domain is supported by substantial evidence.

In sum, the Court's limited standard of review does not allow for re-weighing the evidence; instead, our inquiry is limited into whether or not substantial evidence in the record as a whole can support the ALJ's findings. *See Richardson*, 402 U.S. at 401; *Winschel*, 631 F.3d at 1178; *Kelley*, 185 F.3d at 1212. The Court therefore finds that the ALJ's conclusions are supported by substantial evidence. For these reasons, Defendant's motion for summary judgment [D.E. 24] is **GRANTED**.

## IV. CONCLUSION

Substantial evidence supports the ALJ's findings as noted in his unfavorable decision. The ALJ's conclusion applied proper legal standards and any errors therein did not prejudice Plaintiff and were harmless. For the foregoing reasons, Defendant's motion for summary judgment [D.E. 24] is **GRANTED** and the decision of the Commissioner is **AFFIRMED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of December, 2018.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge